BRADY, Justice.
A Volkswagen automobile driven by the appellee ran into the rear end of a Simca automobile driven by appellant. Appellant was guilty of no contributory negligence and under a peremptory instruction as to liability the jury returned a verdict for the appellant in the sum of $3,136.28. From a judgment for this amount, the appellant appeals.
Two errors are assigned:
1. The verdict of the jury is so inadequate as to evince bias, prejudice and passion.
2. The trial court erred in admitting highly prejudicial evidence, elicited by the appellee on cross-examination from one of the appellant’s witnesses, namely, that the appellant’s automobile was seen parked at a night spot known as The Club Rendezvous.
These errors, appellant urges, justify the granting of a new trial.
The first error urged is resolved by our decision in Farmer v. Smith, 207 So.2d 352 (Miss.1968). In that case this Court, speaking through Justice Inzer, succinctly sets forth the reasons why there is no merit in this contention of the appellant. The appellant was not hospitalized and proved no drug bills. She lost in wages only $78.-40, and her total medical expense was $94.-50. The Farmer case, supra, presents factually a far stronger case for damages than does the case at bar, yet the recovery here is $3,136.28, including property damage, as compared to $2,109.14 in the Farmer case. The appellant received $2,500 for disability, pain and suffering.
As far as the second error is concerned, it should be noted that there is nothing in the evidence presented to the jury that reflects whatsoever upon the character or reputation of the appellant. There was no testimony before the jury to indicate that The Club Rendezvous had a notorious or bad reputation. This testimony was offered only on appellant’s motion for a new trial. Moreover, we cannot say that simply because a person has gone to a night club, which has a bad reputation, it can logically be concluded that the moral character of that person is thereby revealed to be bad.
In view of the positive testimony of the appellant as to the serious and disabling effects of her injuries, how her inju *842 ries confined her to her home, interfered with the care of her children and the performance of her household duties, we feel that the testimony of her car being parked at The Club Rendezvous was germane and of probative value for consideration by the jury, just as was the testimony of the police officer, George Lewis, who testified that when he was on night patrol he would see on occasions the appellant driving her automobile.
Appellant’s briefs are excellent; nevertheless, no reversible errors occurred in the trial of this cause and the jury verdict and judgment must stand. The trial judge wisely and properly overruled appellant’s motion for a new trial.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.